UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IYASSU SMALL, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) 2:20-cv-00199-NT |
| | ) |
| KEVIN JOYCE, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) In response to Petitioner's request, the State asks the Court to dismiss the petition without prejudice based on Petitioner's failure to exhaust his state court remedies. (Response, ECF No. 5.) Following a review of the parties' filings and the record, I recommend the Court grant the State's request and dismiss the petition without prejudice.

**FACTUAL BACKGROUND**

In November 2016, Petitioner pled guilty to unlawful trafficking in scheduled drugs and was sentenced to six years imprisonment with all but five months suspended, to be followed by a two-year period of probation. (*Maine v. Small*, Me. Super. Ct., CUMCD-CR-2016-02622, Docket Record at 5–6.) Petitioner did not file an appeal or pursue state postconviction remedies. In February and March 2017, the State moved to revoke Petitioner's probation. (*Id.* at 7–8.) Petitioner admitted the violations, but the state court did not impose an additional sanction. (*Id.* at 8–9.) In January 2019, the State filed a third

motion to revoke Petitioner's probation alleging new criminal conduct, and the State filed new criminal charges against Petitioner. (*Id.* at 9; *Maine v. Small*, Me. Super. Ct., CUMCD-CR-2019-00141, Docket Record at 1.) The criminal charges and the third probation revocation proceeding are still pending in state court.

## DISCUSSION

Title 28 U.S.C. § 2254(b) and (c) provide:

**(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    **(A)** the applicant has exhausted the remedies available in the courts of the State; or

    **(B) (i)** there is an absence of available State corrective process; or

        **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

**(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

**(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

**(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

As the statute reflects, "a state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court. § 2254(b)(1)(A). The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a

2

constitutional violation.'" *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Here, the record plainly establishes that Petitioner has not exhausted the available state court remedies for any of the claims he asserts in this action. *See Berube v. Warden, Downeast Corr. Facility*, No. 1:13-CV-00299-GZS, 2014 WL 2117350, at *3–5 (D. Me. May 21, 2014) (analyzing the exhaustion and procedural default doctrines in the context of a challenge to state court probation revocation proceedings); *Ford v. Merrill*, No. CIV. 04-150-B-W, 2005 WL 81609, at *2–6 (D. Me. Jan. 13, 2005) (same). Although Petitioner alleges there have been delays in the state court revocation proceedings, he has not shown that the delays amount to "an absence of available State corrective process" or that the state process is "ineffective to protect the rights of the applicant" as required by the statute, particularly given the state's assertion, supported by the record, that the delays largely resulted from Petitioner's own decisions, including his decisions to repeatedly seek new counsel.[1]

Because Petitioner has not exhausted the available state court remedies for any of the asserted claims, dismissal without prejudice is warranted. *See Adelson v. Dipaola*, 131 F.3d 259 (1st Cir. 1997).[2] If Petitioner wishes to preserve his ability to pursue federal

---

[1] In the revocation proceedings, for example, Petitioner was dissatisfied with several appointed attorneys resulting in a series of granted motions to withdraw on April 19, 2019, May 3, 2019, June 17, 2019, July 26, 2019, October 21, 2019, November 5, 2019, November 18, 2019, December 4, 2019, and March 11, 2020. (2016-02622 Docket Record at 10–14.)

[2] To the extent Petitioner seeks to challenge the new criminal charges, § 2254 does not provide a basis for federal jurisdiction because there is no state court judgment, and the federal court is generally prohibited from interfering with pending state court criminal proceedings under the doctrine of abstention articulated in *Younger v. Harris*, 401 U.S. 37 (1971).

habeas relief after completing the state process, Petitioner is advised to be mindful of the one-year statute of limitations for federal habeas applications. *See* 28 U.S.C. § 2244(d). The one-year clock generally pauses during state postconviction proceedings but generally does not pause during prior federal habeas proceedings. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss without prejudice Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 28th day of September, 2020.